# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **BRANDON SMITH,** <br> **an individual,** | * <br> * <br> * |
| **PLAINTIFF,** | * <br> * |
| **v.** | * **Case No._____** <br> * |
| **GUILLERMINA GOMEZ,** <br> **GUILLERMI GOMEZ,** <br> **VERNON F. WELLS JR., KAY** <br> **M. WELLS, YOLANDA** <br> **TORRES MARTINEZ, OMER** <br> **ARAB AHMED, HECTOR** <br> **LIZARDO RAMIREZ, ELVIA** <br> **ANDREA RAMIREZ, AND** <br> **OLIVER KEITH ADAMS,** <br> **individuals,** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| **DEFENDANTS.** | |

## **COMPLAINT**

Plaintiff BRANDON SMITH ("SMITH" or "Plaintiff") hereby sues

Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F.

WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB

AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND

OLIVER KEITH ADAMS, individuals, (hereinafter "Defendants") pursuant to the

Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its

Case 3:23-cv-00065   Document 1   Filed 01/23/23   Page 1 of 21 PageID #: 1

implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants', GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS's, failure to remove physical barriers to access and violations of Title III of the ADA.

2.     Venue is properly located in the MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendants' property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3.     Plaintiff, BRANDON SMITH, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris. Plaintiff lives in Memphis, Tennessee.

4.    Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Property as soon as it is accessible ("Advocacy Purposes").

5.    Defendants, GUILLERMINA GOMEZ, is an individual conducting business in the State of Tennessee and within this judicial district.

6.    Defendants, GUILLERMI GOMEZ, is an individual conducting business in the State of Tennessee and within this judicial district.

7.    Defendants, VERNON F. WELLS JR., is an individual conducting business in the State of Tennessee and within this judicial district.

8.    Defendants, KAY M. WELLS, is an individual conducting business in the State of Tennessee and within this judicial district.

9.    Defendants, YOLANDA TORRES MARTINEZ, is an individual conducting business in the State of Tennessee and within this judicial district.

10.     Defendants, OMER ARAB AHMED, is an individual conducting business in the State of Tennessee and within this judicial district.

11.     Defendants, HECTOR LIZARDO RAMIREZ, is an individual conducting business in the State of Tennessee and within this judicial district.

12.     Defendants, ELVIA ANDREA RAMIREZ, is an individual conducting business in the State of Tennessee and within this judicial district.

13.     Defendants, OLIVER KEITH ADAMS, is an individual conducting business in the State of Tennessee and within this judicial district.

## FACTUAL ALLEGATIONS

14.     On or about June of 2022, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Shopping Center located at 4702-4712 Nolensville Pike, Nashville, TN 37211 ("Subject Facility", "Subject Property").

15.     GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS are the owners, lessors, and/or operators/lessees of the real property and improvements that are the subject of this action, specifically Shopping Center and its attendant facilities, including vehicular parking and common exterior paths of travel within the site identified by the Davidson County

Assessor parcel identification number 14712009800, 14712009700, 14712009600, 14712009500, 14712009400, 14712009300, and 14712009200 ("Subject Facility", "Subject Property").

16.  Plaintiff is an individual with disabilities as defined by the ADA.

17.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

18.  Plaintiff uses a wheelchair for mobility purposes.

19.  Plaintiff is presently required to travel approximately 200 miles from Memphis to Nashville, Tennessee, 2-3 times a month to visit his medical doctors.

20.  Plaintiff's trips from Memphis to Nashville for medical treatment began approximately four years ago and are necessary for the treatment of gunshot injuries he sustained in 2004.

21.  Plaintiff has had over 60 surgeries due to the gunshot injuries. His permanent injuries include severe injuries to his spinal cord, as well as an above the knee amputation of the left leg and significant gastrointestinal/urological injuries.

22.  Plaintiff was hospitalized at Massachusetts General Hospital in Boston, and his physicians there referred him to medical specialists Vanderbilt University Hospital in Nashville.

23.  The medical treatment Plaintiff receives in Nashville is highly specialized and is not available in Memphis where he lives.

24.     The closest place to Memphis for Plaintiff to receive this specialized treatment is in Nashville.

25.     Plaintiff has traveled from Memphis to Nashville for this specialized medical treatment over 100 times in the past four years.

26.     Plaintiff has definite plans to return to Nashville for this medical treatment several times a month for years in the future.

27.     The subject property is in close proximity of the clinic that Plaintiff frequents several times per month.

28.      For the reasons stated in paragraphs 6-19, Plaintiff has standing to bring this action. See *Mosley v*. *Kohls Department Stores, Inc*., 942 F.3d 752 (6th Circuit, 2019). Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of him disabilities, and he will be denied and/or limited in the future unless and until Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

29.     Plaintiff has visited, i.e. attempted to patronize, the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

30.     Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendants' non-disabled patrons as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself  to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

31.     Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

32. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

33. The Subject Property is a public accommodation and service establishment.

34. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

35. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

36. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

37. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in him capacity as a patron at the Subject Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit him access to

the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38.     Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of his disabilities and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit him access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39.     Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, have discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

40.    Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, will continue to discriminate against Plaintiff and others with disabilities unless and until GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS are compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

41.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

ACCESSIBLE ROUTES/PARKING
(Exterior)

a. There is no van accessible parking present in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

b. There are no designated accessible parking spaces present in the parking facility servicing the Subject Property in violation of Section 4.1 and 4.6 of the 1991 ADAAG and Section 208 and 208.2 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

c. There are no access aisles serving the parking spaces closest to the entrance in violation of Section 4.6 of the 1991 ADAAG and Sections 208 and 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

d. There is no van-accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

e. The is no visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

f.  The paint delineating the parking spaces closest to the entrance is not being maintained so that it clearly marks the accessible parking location in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

g.  There are slope variations at the parking spaces closest to the entrance with changes in direction that have caused a compound cross slope in violation of Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Section 302, 403, and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

h.  There are no curb ramps present along the route from the purported accessible spaces to the entrance of the store in violation of Section 303.4 of the 2010 ADAAG and in violation of 28 CFR § 36.211. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

i.  The accessible entrances do not provide the minimum requisite level maneuvering clearance for a forward approach to the pull side of the designated accessible entry door in violation of Section 4.13.6 of the 1991 ADAAG and Section 404.2.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

j.  The parking spaces on the shortest accessible route to the accessible entrance are not level and have areas of pitted and/or broken pavement because of Defendants' practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

MAINTENANCE PRACTICES

k.  Defendants have a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the Plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

l.  Defendants have a practice of failing to maintain the accessible elements at the Subject Facility by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as

Defendants' able-bodied patrons and caused Plaintiff loss of opportunity.

m. Defendants have failed to modify their discriminatory maintenance practices to ensure that, pursuant to their continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendants prevented access to the Plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

42. The discriminatory violations described above are not an exhaustive list of the Defendants' current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the Subject Location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the Defendants do not intend to comply with the ADA.

43. The Defendants have a practice of failing to maintain the accessible elements at the Subject Property by neglecting their continuing duty to review,

inspect, and discover transient accessible elements which by the nature of its design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendants' able-bodied patrons.

44.     Accessible elements at the Subject Property have been altered and/or constructed since 2010.

45.     The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42

U.S.C. § 12181(9); 28 C.F.R. § 36.304.

47.     Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

48.     Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

49.     To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendants.

50.     Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendants have the financial resources to make the modifications, including the financial assistance made available to Defendants by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

51.     By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and

equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

52.　Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendants have failed to comply with this mandate.

53.　Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, are required to remove the physical

barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

54.    Plaintiff's requested relief serves the public interest.

55.    Plaintiff's counsel is entitled to recover him reasonable attorneys' fees and costs of litigation from Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

56.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendants to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendants, GUILLERMINA GOMEZ, GUILLERMI GOMEZ, VERNON F. WELLS JR., KAY M. WELLS, YOLANDA TORRES MARTINEZ, OMER ARAB AHMED, HECTOR LIZARDO RAMIREZ, ELVIA ANDREA RAMIREZ, AND OLIVER KEITH ADAMS, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain their accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and

an award of monitoring fees associated with insuring that the Defendants are in compliance with the ADA.

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 23rd day of January, 2023.

RESPECTFULLY SUBMITTED,

*/s/ Davis A. Stephenson*
Davis A. Stephenson
(TN BPR #39015)
Attorney for Plaintiff
208 Adams Avenue
Memphis, Tennessee 38103
(901) 523-1844 – phone
(901) 523-1857 – fax
alex@wcwslaw.com

**DEFENDANTS TO BE SERVED:**
GUILLERMINA GOMEZ & GUILLERMI GOMEZ
2617 MESA DR,
NASHVILLE, TN 37217

VERNON F. WELLS JR. & KAY M. WELLS
4704 NOLENSVILLE PIKE,
NASHVILLE, TN 37211

YOLANDA TORRES MARTINEZ
708 CANDLECREEK WAY.
NASHVILLE, TN 37013

OMER ARAB AHMED
1117 BLAIRFIELD DR.
ANTIOCH, TN 37013

HECTOR LIZARDO RAMIREZ & ELVIA ANDREA RAMIREZ
4710 NOLENSVILLE PIKE,
NASHVILLE, TN 37211,

OLIVER KEITH ADAMS
7105 LENOX VILLAGE DR,
NASHVILLE, TN 37211